UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROSE O'DONNELL,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF GEORGIA MILITARY COLLEGE AND GEORGIA MILITARY PREP SCHOOL, RANDALL A. NEW, GEORGE HOGAN, SR., REV.TONY FRALEY, DORIS RENFROE, KEN VANCE, ALBERTO C. MARTINEZ, JR., RICHARD BENTLEY, GEORGIA MILITARY COLLEGE, Lieutenant General WILLIAM CALDWELL, IV, individually and in his official capacity as President of Georgia Military College, PAM GRANT, individually and in her official capacity as Principal of Georgia Military College Prep School, DAVID F. LEWIS, individually and in his official capacity as Senior Army Instructor at Georgia Military College Prep School, Major LARRY MARTIN, individually and in his official capacity as an Instructor at Georgia Military College Prep School, and Sfc CHRIS SWARS, individually and in his official capacity as an Instructor at Georgia Military College Prep School<br>    Defendants. | CIVIL ACTION NO. 5:15-CV-00389-CAR |

**AMENDED COMPLAINT FOR DAMAGES**

COMES NOW, Rose O'Donnell, Plaintiff, and files this Amended Complaint for Damages pursuant to Federal Rule of Civil Procedure 15(a) against the above-named Defendants

Page **1** of **16**

respectfully showing this honorable Court the following:

## Jurisdiction and Venue

1.

Defendant Board of Trustees of Georgia Military College and Georgia Military Prep School is a public entity responsible for Georgia Military College and Georgia Military Prep School. Randall A. New, George Hogan, Sr., Reverend Tony Fraley, Doris Renfroe, Ken Vance, Alberto C. Martinez, Jr., and Richard Bentley are all members of the Board of Trustees and may be personally served at the following addresses:

   a. Randall A. New: 445 Underwood Road, Milledgeville, Georgia 31061;

   b. George Hogan, Sr.: 980 Dunlap Road NE, Milledgeville, Georgia 31061;

   c. Reverend Tony Fraley: 2423 Holly Drive, Milledgeville, Georgia  31061;

   d. Doris Renfroe: 1140 Orchard Hill Road, Milledgeville, Georgia 31061;

   e. Ken Vance: 340 Glenhaven Drive, Milledgeville, Georgia 31061;

   f. Alberto C. Martinez, Jr.: 3605 Sussex Drive NE, Milledgeville, Georgia 31061; and,

   g. Richard Bentley: 221 S.Wayne Street,  Milledgeville, Georgia 31061.

2.

Defendant Georgia Military College is a state-funded institution of higher learning designated to provide postsecondary study under the Technical College System of Georgia pursuant to O.C.G.A. § 20-3-560. Georgia Military College is deemed an instrumentality of the state of Georgia and a public corporation under O.C.G.A. § 20-3-560.

3.

At all times relevant to the Complaint, Defendant Georgia Military College operated

Georgia Military Prep School for the purpose of facilitating middle and high school education on the grounds of the college's main campus located at 201 E. Greene St. Milledgeville, GA 31061. Defendant Georgia Military College is subject to the venue of this court pursuant to O.C.G.A. § 9-10-93 and by virtue of the facts alleged herein, Defendant Georgia Military College is subject to the jurisdiction of this court. Defendant Georgia Military College may be served through its registered agent, David M. Grant, at 201 E. Greene St, Milledgeville, GA  31061.

4.

Plaintiff gave written notice to Defendant Georgia Military College within 12 months of the occurrence pursuant to O.C.G.A. § 50-21-26. A true and correct copy of the notice of claim and certified mail return receipt to Defendant Georgia Military College is attached hereto as Exhibit A.  A true and correct copy of the notice of claim and certified mail return receipt to Defendant Georgia Military Prep School is attached hereto as Exhibit B. A true and correct copy of the notice of claim to the Georgia Department of Administrative Services, the certified mail return receipt, and the receipt confirmation are attached hereto as Exhibit C.

5.

Defendant William Caldwell is the President of Georgia Military College.  Defendant Caldwell is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-31. Defendant Caldwell may be served at his regular place of business, Georgia Military College, 201 E. Greene Street, Milledgeville, Georgia 31061.

6.

Defendant Pam Grant is the Principal of Georgia Military College Prep School responsible for administration, instruction, and discipline within the high school and middle

school. By virtue of the facts alleged herein, Defendant Grant is subject to the jurisdiction and venue of this Court and may be personally served at her regular place of business, Georgia Military Prep School, 201 East Green Street, Milledgeville, GA  31061.

7.

Defendant David F. Lewis, is and was, at all times relevant to the Complaint, the Senior Army Instructor (SAI) at Georgia Military College Prep School responsible for the management of the Junior Reserve Officers' Training Corps., hereinafter " Jr. ROTC," program and the assistant military instructors. By virtue of the facts alleged herein, Defendant Lewis is subject to the jurisdiction of this court. Defendant Lewis may be served at his regular place of business, Georgia Military College, 201 E. Greene Street, Milledgeville, Georgia 31061.

8.

Defendant Larry Martin, is and was, at all times relevant to the Complaint, an assistant military instructor for the Jr. ROTC program and a drill sergeant responsible for facilitating the disciplinary system and overseeing "Retraining" or "Bullring" hours for cadets. By virtue of the facts alleged herein, Defendant Larry Martin is subject to the jurisdiction and venue of this Court and may be personally served at his place of employment, Georgia Military Prep School, 201 East Green Street, Milledgeville, Georgia  31061.

9.

Defendant Chris Swars, is and was, at all times relevant to the Complaint, an assistant military instructor for the Jr. ROTC program and a drill sergeant responsible for facilitating the disciplinary system and overseeing "Retraining" or "Bullring" hours for cadets. By virtue of the facts alleged herein, Defendant Chris Swars is subject to the jurisdiction and venue of this Court

and may be personally served at his place of employment, Georgia Military Prep School, 201 East Green Street, Milledgeville, Georgia 31061.

**General Allegations**

10.

Plaintiff Rose O'Donnell was enrolled as a junior at Georgia Military College in the Georgia Military Prep School, hereinafter "GMC Prep School," in Milledgeville, Baldwin County, Georgia at the time of the subject incident.

11.

Plaintiff, during her normal course of activities as a typical high school student-cadet, accrued demerits in an amount sufficient to warrant school punishment under the GMC Prep School Student Handbook.

12.

Under the GMC Prep Student Handbook, a total amount of ten (10) demerits issued for violations of student rules such as school uniform violations, tardiness, etc. will result in the student-cadet being subjected to one hour of "Retraining" or more commonly referred to as "Bullring."

13.

Retraining or Bullring hours, pursuant to the GMC Prep Student Handbook, are to include marching or some form of work around campus supervised by an assistant military instructor.

14.

At approximately 3:30 p.m., Plaintiff attended an hour of Bullring on October 29, 2013

under the direct supervision of Defendants Martin and Swars. During the hour of Bullring, Defendants Martin and Swars demanded that Plaintiff complete excessive and unduly severe physical exercises including, but not limited to, timed sprints, lunges, burpees, and 60-80 push-ups.

15.

Plaintiff was forced to complete a timed quarter mile run, approximately 30 reps of burpees, a second timed quarter mile run, approximately 60 push-ups and a certain distance of lunges. During the entirety of the subject "Bull Ring" Plaintiff was repeatedly told that she would have to complete the entire hour over again if she did not finish and suffered other such verbal abuses. As Plaintiff visibly struggled with each task, the other cadets were forced to do jumping jacks until Plaintiff was able to complete the subject sets.

16.

While attempting to complete the required push-ups, Plaintiff informed Defendants Martin and Swars that she was physically unable to complete the push-ups. Defendant Martin and Swars then demanded that Plaintiff finish the push-ups, in "male" form, in order for her to complete her Bullring hour, or else she would have to re-do the entire hour. Plaintiff, in fear of the consequences and as a result of the verbal and environmental pressures forced upon her by Defendants, completed the regimen required by Defendants.

17.

As a direct and proximate result of the above-referenced excessive and unduly severe physical punishment of Bullring hours mandated, condoned, or otherwise administered by all Defendants in this matter, Plaintiff suffered from a host of injuries including, but not limited to:

rhabdomyolysis, which is a physical breakdown of muscle, debilitating muscle fatigue, physical exhaustion, and excruciating muscle pain which required an extended hospitalization to prevent renal failure, permanent loss of normal muscle strength in Plaintiff's arms, and the onset of anxiety and other psychological conditions stemming from the severity of Plaintiff's injuries and their effect upon Plaintiff's daily life.  Plaintiff suffered in excess of  $19,000.00 in special damages. The negligence of each of the above-named defendants was a concurrent, direct and proximate cause of the injuries of Plaintiff Rose O'Donnell.

## COUNT I
### Negligence of the Board of Trustees of Georgial Military College and Georgia Military Prep School, Randal A. New, George Hogan, Sr., Tony Fraley, Doris Renfroe, Ken Vance, Alberto Martinez, Jr., Richard Bentley, William Caldwell, IV and Georgia Military College

18.

Plaintiff incorporates Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.

Defendants had a duty to exercise ordinary care for the safety of its students during sponsored school activities including "Retraining" or "Bullring" hours issued to students as punishment for violations of student rules.

20.

Defendants had a duty to supervise the assistant military instructors tasked in administering the school punishment on school grounds and a duty to ensure the safety of all of its students including safety from excessive and unduly severe physical punishments.

21.

Defendants created a policy to provide adequate supervision to students and to make sure the students participating in school related activities are safe.

22.

Defendants breached said duties and were negligent in the following particulars:

- A. By failing to exercise ordinary care in keeping Plaintiff Rose O'Donnell safe while on school grounds;

- B. By failing to exercise ordinary care in adhering to its own student handbook guidelines for student punishment;

- C. By failing to supervise its military instructors in the administration of school punishment to Plaintiff;

- D. By failing to direct, supervise, or administer a punishment that was not "excessive or unduly severe" pursuant to O.C.G.A. § 20-2-731; and,

- E. Defendant Georgia Military College was otherwise negligent.

23.

Defendants' acts or omissions described above constitute willful and wanton misconduct.

24.

Defendants' breach of aforementioned duties was the direct and proximate result of Plaintiff's injuries and resulted in incurred medical expenses and other special damages.

## COUNT II
## 42 U.S.C.A. § 1983 liability of Defendants Martin and Swars

25.

Plaintiff incorporates Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.

Defendants Martin's and Swars' decision to discipline Plaintiff as described in this Complaint was accomplished through excessive force and appreciable physical pain, constituting a violation of Plaintiff's clearly established constitutional rights, including an invasion of the Plaintiff's Fifth Amendment liberty interest in her personal security and violation of her substantive due process rights under the Fourteenth Amendment.

27.

The punishment administered to Plaintiff by Defendants Martin and Swars, was administered maliciously and sadistically for the very purpose of causing harm, so that the punishment administered exceeded any need for physical punishment and inflicted great and excessive physical injury on Plaintiff.

28.

The punishment administered to Plaintiff by Defendants Martin and Swars caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.

## COUNT III
## 42 U.S.C.A. § 1983 liability of Defendants New, Hogan, Fraley, Renfroe, Vance, Martinez, Bentley, Caldwell, Grant, and Lewis

29.

Plaintiff incorporates Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.

Defendants New, Hogan, Fraley, Renfroe, Vance, Martinez, Bentley, Caldwell, Grant, and Lewis established an official policy and custom on the use of physical punishment at Georgia Military College that was the moving force in the excessive, malicious, sadistic, and shocking physical punishment administered on the Plaintiff by Defendants Martin and Swars as described in this Complaint.

31.

The policy and custom of physical punishment established by Defendants New, Hogan, Fraley, Renfroe, Vance, Martinez, Bentley, Caldwell, Grant, and Lewis caused a violation of Plaintiff's clearly established constitutional rights, including an invasion of the Plaintiff's Fifth Amendment liberty interest in her personal security and violation of her substantive due process rights under the Fourteenth Amendment.

## COUNT IV
## Negligence of Pam Grant

32.

Plaintiff incorporates Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.

Defendant Pam Grant had a duty to oversee the instruction, administration, and discipline of all students at GMC Prep School and ensure student safety in all school-sponsored activities.

34.

Defendant Grant had a duty to ensure that Retraining or Bullring duties for student punishment adhered to the GMC Prep Student Handbook's punishment guidelines and that said punishments posed no risk to student health or well-being and was not excessive or unduly severe.

35.

Defendant Grant breached said duties and was negligent in the following particulars:

A. By failing to properly oversee the discipline of Plaintiff Rose O'Donnell as required in O.C.G.A. § 20-2-731;

B. By failing to ensure that GMC Prep faculty members adhered to the GMC Prep Student Handbook guidelines for administering punishment;

C. By failing to direct, supervise, or administer a punishment that was not in "bad faith, excessive or unduly severe" pursuant to O.C.G.A. § 20-2-731 and § 20-2-732; and,

D. Defendant Principal Pam Grant was otherwise negligent.

36.

Defendant's acts or omissions described above constitute willful and wanton misconduct.

37.

Defendant Principal Pam Grant's breach of aforementioned duties was the direct and

proximate result of Plaintiff's injuries and resulted in incurred medical expenses and other special damages.

## COUNT V
## Negligence of Senior Army Instructor David F. Lewis

38.

Plaintiff incorporates Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.

Defendant Senior Army Instructor David F. Lewis had a duty to actively oversee and manage the Jr. ROTC program at GMC Prep School, including the "Bull Ring" program.

40.

Defendant Lewis had a duty to oversee assistant military instructors and the administration of punishments at GMC Prep School.

41.

Defendant Lewis breached his aforementioned duties and was negligent in the following particulars:

- A. By failing to supervise assistant military instructors Swars and Martin in the administration of Bullring punishment to Plaintiff;
- B. By failing to direct, supervise, or administer a punishment that was not in "bad faith, excessive or unduly severe" pursuant to O.C.G.A. § 20-2-731 and § 20-2-732; and,
- C. Defendant Lewis was otherwise negligent.

42.

Defendant's acts or omissions described above constitute willful and wanton misconduct.

43.

Defendant Senior Army Instructor David F. Lewis' breach of aforementioned duties was the direct and proximate result of Plaintiff's injuries and resulted in incurred medical expenses and other special damages.

**COUNT VI**
**Negligence of Assistant Military Instructors Martin and Swars**

44.

Plaintiff incorporates Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.

Defendant Assistant Military Instructors Martin and Swars were the individuals present for administering the subject Bullring punishment to Plaintiff on October 29, 2013.

46.

Defendants had a duty to keep Plaintiff safe and free from bodily harm while under their direct supervision during the Bullring punishment.

47.

Defendants had a duty to administer Bullring punishment that adhered to the GMC Prep Student Handbook's punishment guidelines including "marching" or "work around campus." See Exhibit B pg. 41.

48.

Defendants breached their aforementioned duties and were negligent in the following

particulars:

    A.    By failing to keep Plaintiff safe and free from bodily injury while under his direct supervision during the Bullring punishment;

    B.    By failing to adhere to the punishment guidelines laid out in the GMC Prep Student Handbook going beyond the scope of a reasonable punishment under GMC Prep's standard;

    C.    By failing to administer a punishment that was not in "bad faith, excessive, or unduly severe" pursuant to O.C.G.A. § 20-2-731 and § 20-2-732; and,

    D.    Defendants were otherwise negligent.

49.

Defendants' acts or omissions described above constitute willful and wanton misconduct.

50.

Defendants' breach of aforementioned duties was the direct and proximate result of Plaintiff's injuries and resulted in incurred medical expenses and other special damages.

**WHEREFORE**, Plaintiff prays for the following:

    a)    That summons be issued requiring Defendants to be served as provided by law and requiring Defendants to answer the complaint;

    b)    That Plaintiff have a trial by a fair and impartial jury of twelve members;

    c)    That Plaintiff obtain a judgment against Defendants in a just and reasonable amount to compensate Plaintiff for her injuries, damages and suffering;

    d)    That the costs of bringing this action be taxed against Defendants; and,

    f)    That Plaintiff have such other and further relief as this Court shall deem just and proper.

This 9th day of October 2015

/s/ KATHERINE L. MCARTHUR
KATHERINE L. MCARTHUR
Ga. Bar No. 480730
CALEB F. WALKER
Ga. Bar No. 431765

KATHERINE L. McARTHUR, LLC
6055 Lakeside Commons Drive, Suite 400
Macon Georgia  31210
cwalker@mcarthurlawfirm.com
478.238.6600 office

## CERTIFICATE OF SERVICE

COMES NOW, Plaintiff, Rose O'Donnell, and shows that on this 9th[th] day of October, 2015 through her counsel of record, Plaintiff filed this Amended Complaint and served a copy upon the following:

*Via Court transmission pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) to the attorneys of record:*

>Kelly E Campanella, kcampanella@law.ga.gov
>Samuel S. Olens, solens@law.ga.gov
>Kathleen M. Pacious, kpacious@law.ga.gov,
>Loretta L. Pinkston, lpinkston@law.ga.gov,
>Robert L. Brunner
>Senior Assistant Attorney General
>40 Capitol Square, SW
>Atlanta, GA  30334

>*Via Process Server with a copy of the Original Complaint to:*
>Wade Damron, Director
>Risk Management Services
>Department of Administrative Services
>200 Piedmont Avenue, Suite 12098, West Tower
>Atlanta, GA  30334

>Larry Martin
>2308 Sherry Circle Apt C4
>Milledgeville, GA  31061

*Via Statutory Overnight Mail with a copy of the original Complaint to:*

>Department of Administrative Services
>Attn: Risk Management Services
>200 Piedmont Avenue, Suite 12098, West Tower
>Atlanta, GA  30334

This 9th[th] day of October, 2015.

>/s/ KATHERINE L. MCARTHUR
>KATHERINE L. MCARTHUR
>Ga. Bar No.: 480730
>CALEB F. WALKER
>Ga. Bar No.: 431765

The McArthur Law Firm
6055 Lakeside Commons Drive
Suite 400
Macon, Georgia 31210
478-238-6600 office
478-238-6607 fax
cwalker@mcarthurlawfirm.com